IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

**BARRY AMOS BALDWIN,**
  Petitioner,

vs.            Case No. 5:06cv255/MCR/MD

**SUPERINTENDENT WASHINGTON
CORRECTIONAL INSTITUTION,**
  Respondent.

---

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254.  (Doc. 1).  Respondent has moved to dismiss the petition as an unauthorized second or successive petition.  (Doc. 8).  Petitioner has responded. (Doc. 15).  After careful consideration, it is the opinion of the undersigned that no evidentiary hearing is required for the disposition of this matter, Rules Governing Section 2254 Cases 8(a).  It is further the opinion of the undersigned that the pleadings and attachments before the court show that this petition is a "second or successive" habeas corpus application and that petitioner has failed to obtain an order in the appropriate court of appeals authorizing this court to consider the petition.  As such, this action should be dismissed.

In this habeas action, petitioner challenges his 1975 convictions for rape and robbery entered in the Circuit Court of Broward County, Florida in Case Number 74-3500.  (Doc. 1 and Attach.).  Petitioner was directed on the petition form to disclose all petitions, applications or motions with respect to this judgment that were previously filed in any court, state or federal.  Petitioner disclosed no previous federal court filings.  (*Id.*, p. 3).

In his motion to dismiss, respondent asserts that petitioner previously filed a § 2254 petition challenging the same judgment of conviction.  Specifically, on

December 17, 2003 petitioner filed a § 2254 petition in the United States District Court for the Southern District of Florida, *Baldwin v. Florida Department of Corrections*, Case Number 0:03cv62249. A second amended order denying the petition as time barred was entered on October 13, 2004. Petitioner appealed. The United States Court of Appeals for the Eleventh Circuit ("Eleventh Circuit") denied petitioner's motion for certificate of appealability and dismissed his appeal.

In response to the motion, petitioner does not dispute that he previously filed the foregoing §2254 petition. He argues, however, that the current petition is not a "second or successive" petition because it challenges his convictions, whereas the prior petition challenged only his sentences. (Doc. 15, p. 3). In the alternative, he argues that 28 U.S.C. § 2244 (b)(2)(B)(ii) provides an exception to the dismissal of a second or successive habeas application where "the facts underlying the claims . . . would be sufficient to establish that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense." (Doc. 15, p. 4) (citing 28 U.S.C. § 2244(b)(2)(B)(ii)).

Title 28 U.S.C. § 2244(b)(3)(A) provides: "Before a second or successive [habeas corpus] application . . . is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." *See* Rule 9, Rules Governing Section 2254 Cases (2005); *Burton v. Stewart*, --- U.S. ---, 127 S.Ct. 793, 166 L.Ed.2d 628 (Jan. 9, 2007) (holding that district court lacked jurisdiction to entertain § 2254 petition challenging petitioner's sentence, where petitioner did not seek or obtain an order from the Court of Appeals authorizing him to file a second or successive habeas petition following the denial of his previous habeas petition challenging his conviction, where both petitions challenged the same custody imposed by the same judgment of a state court), *reh'g denied*, 127 S.Ct. 1394 ( Feb. 26, 2007); *Felker v. Turpin*, 518 U.S. 651, 116 S.Ct. 2333, 2337, 136 L.Ed.2d 346 (1996); *In re Medina*, 109 F.3d 1560 (11th Cir. 1997). The instant application is second or successive, and it is obvious from the record that petitioner has failed to obtain the requisite permission from the Eleventh Circuit in order to file this petition. This failure operates as a jurisdictional

bar that precludes the district court's consideration of the merits of the petition. *Burton,* 127 S.Ct. at 796, 799 (district court lacked jurisdiction to entertain habeas petition since prisoner did not obtain order authorizing him to file second petition); *Fugate v. Dep't of Corrections*, 301 F.3d 1287, 1288 (11th Cir. 2002).  Petitioner's arguments in opposition to dismissal are either foreclosed by, or lack an arguable basis in, the law.  *See Burton, supra*.  Based on the foregoing, this case will be dismissed without prejudice.

Accordingly, it is respectfully RECOMMENDED:

1.  That respondent's motion to dismiss (doc. 8) be GRANTED.

2.  That this § 2254 petition (doc. 1) be DISMISSED WITHOUT PREJUDICE.

3.  That the clerk be directed to close this file and send petitioner the Eleventh Circuit's form application for leave to file a second or successive petition.

At Pensacola, Florida this 2nd day of May, 2007.

/s/ *Miles Davis*
MILES DAVIS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within ten days after being served a copy hereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.</u>  A copy of any objections shall be served upon any other parties.  Failure to object may limit the scope of appellate review of factual findings.  *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**